UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VAN THI DO                                           CIVIL ACTION

VERSUS                                               NO: 07-6266

ATLANTIC CASUALTY INSURANCE                          SECTION: J(1)
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant Atlantic Casualty Insurance Company's **Motion to Dismiss Pursuant to Fed. R. Civ. P 37(b)(2)(A)(v) (Rec. Doc. 14)**. This motion, which is opposed, is set for hearing on December 12, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

## Background Facts

This action arises out of damages sustained during Hurricane Katrina. Van Thi Do d/b/a Friendly Food Store brought suit against Defendant in state court for the Parish of Orleans alleging breach of contract. Defendant subsequently removed under this Court's diversity jurisdiction.

Pursuant to the Scheduling Order issued by this Court, counsel were to exchange Rule 26(a) disclosures by November 19,

2007.  As of November 21, 2007, Plaintiff had not provided such disclosures.  Furthermore, Plaintiff never sought an extension of the deadline from the Court.

### The Parties' Arguments

In support of its motion to dismiss, Defendant states that Plaintiff has disregarded the Court's Scheduling Order by failing to exchange Rule 26(a) disclosures.  As a result, the action should be dismissed.  Defendant also requests an award of attorneys fees and costs in bringing the instant motion.

In opposition, Plaintiff states that he filed his Rule 26(a) disclosures simultaneously with the filing of his opposition, only sixteen days past the November 19, 2007 deadline.  Plaintiff indicates that in the wake of Hurricane Katrina, it "is not beyond comprehension that a date cannot get put onto one's calendar for the filing of pleadings such as the Rule 26(a) disclosures."  Since Plaintiff's disclosures have now been filed, Plaintiff asks that the Court deny Defendant's motion to dismiss as moot.

### Discussion

Federal Rules of Civil Procedure 37(b)(2)(A)(v) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include . . . (v) dismissing the action or proceeding in whole or in part . . . .

According to Fifth Circuit jurisprudence, dismissal of a

disobedient party's action with prejudice is a sanction of last resort, applicable only in extreme circumstances.  <u>Thomas v. U.S.</u>, 531 F.2d 746, 749 (5th Cir. 1976).  The broad discretion of the district court is not unlimited.  <u>Id.</u>  Consideration must be given to such factors as good faith, willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness or gross negligence.  <u>Id.</u> citing <u>Dorsey v. Academy Moving & Storage, Inc.</u>, 423 F.2d 858 (5th Cir. 1970).

Because Plaintiff has since filed its Rule 26(a) disclosures, dismissal is not warranted under these circumstances.  However, the Court expects deadlines to be followed and future failures may result in appropriate sanctions.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P 37(b)(2)(A)(v) (Rec. Doc. 14)** is hereby **DENIED.**

New Orleans, Louisiana, this 11th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3